## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

FREDERICK D. PARRIS,              )
                                  )
     Plaintiff,              )
              DEBRA P. HACKETT, CLK )
             U.S. DISTRICT COURT )
             MIDDLE DISTRICT ALA )
v.                                )     CIVIL ACTION NO. ___3:20-cv-829___
                                  )
WESTROCK COATED BOARD,            )
LLC,                              )
                                  )
     Defendant.              )
                                  )
                                  )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant WestRock

Coated Board, LLC ("WestRock") files this Notice of Removal to remove this

action from the Circuit Court of Russell County, Alabama, where it was filed as

CV-2020-900176, to the United States District Court for the Middle District of

Alabama. In support thereof, WestRock states as follows:

### BACKGROUND

1.     On July 22, 2020, Plaintiff Frederick D. Parris ("Plaintiff") filed a

Complaint in the Circuit Court of Russell County, Alabama styled as *Frederick D.*

*Parris v. WestRock Coated Board, LLC*, Civil Action No. CV-2020-900176. A

true and correct copy of the entire state court file is attached hereto as Exhibit A.

2.     Plaintiff asserts claims against WestRock for negligence, wantonness,

and negligent hiring and supervision. Compl. at ¶¶ 13-18 (Ex. B).

3. Those claims arise out of an August 6, 2018 incident at WestRock's mill in Cottonton, Alabama. Compl. at ¶¶ 9, 11 (Ex. B). Plaintiff alleges he slipped and ultimately fell on the mill's loading dock while walking from his truck to the safety station in accordance with WestRock's rules and regulations. *Id.* at ¶¶ 10-11. He says WestRock's alleged failure "to maintain the premises in a reasonably safe condition" caused him to fall in such a way that he had to be transported to the hospital by ambulance. *Id.* at ¶¶ 11-12. WestRock's negligence and wantonness, according to Plaintiff, was the proximate cause of the torn right and left quadriceps, torn left rotator cuff, and upper and lower extremity pain Plaintiff claims to have suffered from the fall all of which led to him undergoing medical treatment and incurring medical expenses. *Id.* at ¶¶ 15-18. Plaintiff goes on to allege that he "will be caused to suffer future pain and suffering as a proximate cause of the trauma that resulted from the accident" and may be "caused to incur future medical expenses in the care and treatment of the injuries he suffered in the accident." *Id.*

4. Plaintiff seeks an unspecified amount of compensatory and punitive damages for his claims. *Id.* at p 5.

5. WestRock accepted service of process on September 14, 2020. *See* E-mail from E. Moltz to B. Benton (Sept. 14, 2020) (Ex. C).

6. Although Plaintiff filed his complaint in state court, this action could have been originally filed in federal court pursuant to 28 U.S.C. § 1332 due to

2

there being complete diversity of citizenship between Plaintiff and WestRock and the amount in controversy exceeding $75,000, exclusive of interest and costs.

7.     This action accordingly may be properly removed under 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

8.     Upon information and belief, Plaintiff is a citizen and resident of the State of Alabama.  Compl. at ¶ 1 (Ex. B).

9.     WestRock is a Delaware limited liability company.  Maxwell Aff. ¶ 3 (Ex. D).  WestRock MWV, LLC is the only member of WestRock.  *Id.*  WestRock MWV, LLC is in turn a Delaware limited liability company.  *Id.* at ¶ 4.  WRKCo Inc. is WestRock MWV, LLC's only member.  *Id.*  WRKCo Inc. is a Delaware corporation with its principal places of business in Georgia.  *Id.* at ¶ 5.  WestRock is therefore considered a citizen of Delaware and Georgia for jurisdictional purposes.  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").  In other words, it is not now, and was not at the time of the filing of

3

the Complaint, a citizen of the State of Alabama within the meaning of the Acts of Congress related to the removal of cases.

10.    While Plaintiff asserts claims against several fictitious defendants in addition to the claims asserted against WestRock, the presence of fictitious defendants in the Complaint does not affect the diversity analysis.  By statute, the citizenship of fictitious defendants is not considered when determining whether the diversity of citizenship requirement is satisfied in the removal context.  28 U.S.C. § 1441(b)(1); *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (per curiam) ("The text of the removal statute forecloses [the plaintiff's] argument: 'In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be discregard . . . .' Even if 'the fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction.'").

11.    Because Plaintiff and WestRock are citizens of different states there is complete diversity of citizenship for removal purposes.

## AMOUNT IN CONTROVERSY

12.    For a federal court to have subject matter jurisdiction based on the diverse citizenship of the parties, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).  In cases where the complaint does not specify the amount of damages being claimed,

4

> 'removal from state court is [jurisdictionally] proper if it
> is facially apparent from the complaint that the amount in
> controversy exceeds the jurisdictional requirement . . . . If
> the jurisdictional amount is not facially apparent from the
> complaint, the court should look to the notice of removal
> and may require evidence relevant to the amount in
> controversy at the time the case was removed.'

*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Under

either standard, the amount in controversy in this case is satisfied.

**I.     The allegations in the Complaint demonstrate that more than $75,000, exclusive of interest and costs, is in controversy.**

13.     From the face of the Complaint and the allegations regarding the

purported serious injuries Plaintiff claims to have suffered, it is clear that the

amount in controversy exceeds $75,000.

14.     Courts are permitted to use their judicial experience and common

sense when assessing the amount in controversy. *Roe v. Michelin N. Am., Inc.*, 613

F.3d 1058, 1062 (11th Cir. 2010). They may also "make 'reasonable deductions,

reasonable inferences, or other reasonable extrapolations' from the pleadings to

determine whether it is facially apparent that a case is removable." *Id.* at 1061-62.

And they "need not 'suspend reality or shelve common sense'" when deciding if

the complaint shows the amount in controversy requirement is met. *Id.* at 1062.

15.     Armed with common sense and judicial experience, a review of

Plaintiff's allegations demonstrate more than $75,000 is at issue in this litigation

5

even though a specific amount of money is not demanded in the Complaint. Plaintiff contends that he suffered significant physical injuries (including two torn muscles and a torn tendon, that required medical treatment), caused him pain, and resulted in him incurring medical expenses in the past as well as the possibility that may he may incur medical expenses in the future due to his fall on WestRock's loading dock:

> [Plaintiff's] body was injured, his quadriceps in both his legs were torn, [and] his left rotator [cuff] was torn causing pain in his upper and lower extremities. He was caused to undergo medical treatment and incur medical expenses for the treatment of his injuries. Plaintiff maybe [sic] caused to incur future medical expenses in the care and treatment of the injuries suffered in this accident. Plaintiff will be caused to suffer future pain and suffering as an approximate cause of the trauma that resulted from this accident.

Compl. at ¶¶ 15, 18 (Ex. B). He asks the jury to award him an unspecified amount of compensatory damages, which can plausibly be expected to exceed $75,000 in light of the seriousness of Plaintiff's alleged injuries.

16.    That Plaintiff is seeking more than $75,000 in damages is further demonstrated by his wantonness claim, which could support an award of punitive damages under Alabama law.[1]  *See* Ala. Code § 6-11-20(a) (allowing courts to award punitive damages for wantonness claims provided the claim is establish by

---

[1] Although the determination of the amount in controversy is a matter of federal law, district courts may nonetheless look to state law to the extent it is relevant to defining the nature and degree of the right sought to be enforced. *Broughton v. Fla. Int'l Underwriters, Inc.*, 139 F.3d 861, 863 (11th Cir. 1998).

clear and convincing evidence).   It is well-settled that courts must consider
punitive damages in addition to compensatory damages when calculating the
amount in controversy. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531,
1535 (11th Cir. 1987).   They may likewise consider awards in cases involving the
same type of suit to determine the amount in controversy. *See Bolling v. Union
Nat'l Life Ins. Co.*, 900 F. Supp. 400, 404 (M.D. Ala. 1995); *see also Henry v.
Nationwide Ins. Co.*, No. 06-0612-CV-M, 2007 WL 2409817, at *2 (S.D. Ala.
Aug. 22, 2007).

17.    Plaintiffs in Russell County as well as elsewhere in Alabama state and
federal courts routinely receive awards that far exceed the amount in controversy
required for diversity jurisdiction in similar slip and fall cases. *See, e.g., Walker v.
Wal-Mart Stores, Inc.*, No. CV-2015-000040, 2017 WL 8159492 (Cir. Ct. Russell
County, Ala. Nov. 8, 2017) (a 59 year-old plaintiff awarded $7,500,000 for serious
personal injuries that resulted from trip and fall on a business's premises); *Preston
v. Med. Center Hotel, Inc.*, No. CV-2012-901120, 2015 WL 7729423 (Cir. Ct.
Jefferson County, Ala. Jun. 15, 2015) (plaintiff obtained a $420,050 judgment
from one defendant and $135,000 settlement from another defendant in an action
involving an on-the-job slip and fall that led to serious physical injuries); *Waters v.
Paul Enterprises, Inc.*, No. CV-2009-901607, 2014 WL 5525135 (Cir. Ct. Mobile
County, Ala. Aug. 21, 2014) (jury awarded $675,000 to a plaintiff who suffered
significant personal injuries in addition to lost wages after he fell on a loading dock

7

while making a delivery); *Guy v. Wal-Mart Stores East, LP*, No. 1:18-cv-00360, 2020 WL 5106626 (S.D. Ala. Jan. 14, 2020) (plaintiff received $140,000 award for unspecified back, foot, ankle, and hip injuries resulting from a slip and fall on a wet surface in a business's store).

18.    Given the nature of Plaintiff's claims and his request for compensatory and punitive damages for his allegedly significant personal injuries, there can be no question there is more than $75,000 in controversy in this dispute.

**II.    Evidence Plaintiff provided to WestRock related to Plaintiff's alleged injuries confirms the amount in controversy requirement for diversity jurisdiction is satisfied.**

19.    Where the complaint, like the one here, does not specify the amount of damages being claimed, the defendant may assert the amount in controversy in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).    Defendants can initially satisfy the obligation of establishing the court's subject matter jurisdiction through plausible allegations in the notice of removal that the amount in controversy exceeds the applicable jurisdictional minimum.    *Id.* at 89.    If, and only if, those allegations are challenged by the plaintiff or questioned by the court, the removing defendant must then at that time submit evidence proving the amount in controversy more likely than not exceeds $75,000. *Id.* at 88-89.

20.    In the event the Court determines it is not facially apparent from the Complaint that more than $75,000 is at issue, evidence WestRock received

8

regarding Plaintiff's alleged medical expenses and lost wages as well as his settlement demand makes it more likely than not that there is in excess of $75,000 in controversy.

21.     Before filing this lawsuit, Plaintiff sent WestRock a packet of information that included his medical records and bills and his 2018 tax return as support for his alleged damages. Maxwell Aff. ¶¶ 6-7 (Ex. D).

22.     Plaintiff's medical bills total $62,122.03 in expenses for medical treatment.[2]   His employer's workers' compensation lien breakdown, which was separately obtained, itemizes charges for medical care and treatment amounting to $93,785.39. Workers' Compensation Medical Lien (Ex. D-3). The medical bills and workers' compensation lien reflect charges for Plaintiff being transported to the emergency room via ambulance following the accident, his medical treatment at the emergency room, the surgery performed to repair his torn quadriceps, the surgery to repair his torn rotator cuff, and rehabilitation to assist with the recovery of all three surgeries. Each of these charges are allegedly associated with injuries Plaintiff contends resulted from the accident. *See* Compl. at ¶¶ 11-12 (Ex. B).

23.     To substantiate his non-medical damages, Plaintiff supplied a copy of his 2018 tax return as proof of his lost wages, wages he says were lost for more

---

[2] Because Plaintiff's medical records and bills contain protected health information under the Health Insurance Portability and Accountability Act, WestRock has not attached these materials to this Notice of Removal. WestRock will provide Plaintiff's medical records and bills either under seal or for in camera inspection should any question arise as to whether the Court has subject matter jurisdiction over this action.

9

than one year. Ltr. from B. Benton, Jr. to WestRock (Apr. 7, 2020) (Ex. D-1). That document provides that Plaintiff earned \$33,270 during the year.[3] And his workers' compensation lien breakdown indicates he received \$38,372.80 in indemnity payments. Workers' Compensation Indemnity Lien (Ex. D-4).

24.     While it is not possible to calculate the exact amount of Plaintiff's damages without the benefit of discovery, the combination of Plaintiff's medical expenses and lost wages certainly exceeds \$75,000 regardless of how they are combined.

25.     Finally, if there were any doubt that the amount in controversy requirement is met in this case, which there is not, it is dispelled by the pre-suit settlement demand Plaintiff submitted to WestRock along with Plaintiff's medical records and bills.

26.     Plaintiff originally offered to settle his claims for \$350,000. Ltr. from B. Benton, Jr. to WestRock at p. 3 (Apr. 7, 2020) (Ex. D-1). He based this demand on a detailed explanation of the accident and Plaintiff's injuries, medical treatment, prognosis, itemized medical expenses in the amount of \$62,122.03, and more than \$56,000 in lost wages. *Id.* at pp. 1-3. Plaintiff later increased his settlement demand to \$400,000 to account for an increase in the workers' compensation lien. E-mail from B. Benton, Jr. to A. Sadler (Aug. 11, 2020) (Ex. D-2). Settlement

---

[3] WestRock has not attached Plaintiff's tax return in an effort to protect Plaintiff's privacy. Like with Plaintiff's medical records and bills, however, WestRock will provide the Court with a copy of Plaintiff's tax return should the need arise.

offers, such as this one, that present a detailed assessment of a plaintiff's claims and their value are entitled to evidentiary weight in the amount in controversy analysis. *See Ingram v. Hobby Lobby Stores, Inc.*, No. 1:19-cv-183-ECM, 2019 WL 3346483, at *3-4 (M.D. Ala. July 25, 2019) (holding that settlement offer that provided detail about the plaintiff's alleged "injuries, treatment, medications, medical procedures, medical expenses, and damages" would be given weight when determining that the amount in controversy was more than the jurisdictional minimum). Plaintiff's settlement demand thus constitutes evidence confirm that he views his case as being about more than the $75,000 threshold needed for diversity jurisdiction to exist.

27.    From this evidence, the amount in controversy is satisfied and the Court has subject matter jurisdiction over Plaintiff's claims.

## REMOVAL PROCEDURES

28.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of WestRock being served with the state court Summons and Complaint.

29.    Removal to the United States District Court for the Middle District of Alabama is proper under 28 U.S.C. § 1441(b) as Russell County—where the state court action was originally filed and pending—is within the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(3).

11

30.    WestRock will serve this Notice of Removal on counsel for all adverse parties as required by 28 U.S.C. § 1446(d).

31.    WestRock will promptly file a written Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, with the Clerk of the Circuit Court of Russell County, Alabama.  Additionally, WestRock will serve the Notice of Filing on counsel for all adverse parties.

32.    The allegations of this Notice of Removal are true and correct.

33.    By filing this Notice of Removal, WestRock does not waive any defense that it may have available to it including, but not limited to, those in Rule 12(b) of the Federal Rules of Civil Procedure.

34.    If any questions arise as to the propriety of the removal of this action, WestRock requests the opportunity to conduct limited jurisdictional discovery, submit a brief, and present oral argument in support of its position that this case was properly removed.

WHEREFORE, WestRock respectfully gives notice that this action has been removed from the Circuit Court of Russell County, Alabama to the United States District Court for the Middle District of Alabama, being the district for the county in which this action is pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted,

John A. Earnhardt
Evan P. Moltz
Attorneys for WestRock Coated
Board, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203-2618
Telephone:  205.254.1000
Fax:  205.254.1999
Email:  jearnhardt@maynardcooper.com
            emoltz@maynardcooper.com

13

## **CERTIFICATE OF SERVICE**

I hereby certify I served on this the 13th day of October 2020, the foregoing on all counsel of record via U.S. mail at the following address:

William J. Benton, Jr.
Benton & Benton, Attorneys
1214 7th Avenue
P.O. Box 2850
Phenix City, AL 36867
Marion, AL 36759

OF COUNSEL

14