ELECTRONICALLY FILED
7/22/2020 1:08 PM
57-CV-2020-900176.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

IN THE CIRCUIT COURT OF RUSSELL COUNTY
STATE OF ALABAMA

| | | |
|---|---|---|
| **FREDERICK D. PARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO._____ |
| | ) | |
| v. | ) | |
| | ) | |
| **WESTROCK COATED BOARD, LLC,** and Fictitious Defendants A, B and/or C, whether singular or plural, are those entities, persons, firms, corporations or partnerships who employed the staff at Westrock Coated Board, LLC during the time made the basis of this lawsuit; Fictitious Defendants D, E, and/or F, whether singular or plural, are those entities, persons, firms, corporations, partnerships who negligently and/or wantonly failed to properly train, supervise and monitor the performance of, evaluate, and/or discipline the staff at Westrock Coated Board, LLC, prior to and during the time made the basis of this lawsuit; Fictitious Defendants G, H, and/or I, whether singular or plural are those entities, persons, firms, corporations or partnerships who owned, operated, and/or managed Westrock Coated Board, LLC during the time made the basis of this lawsuit; Fictitious Defendants J, K, and/or L, are those entities, persons, firms, corporations, or partnerships who negligently and/or wantonly failed to maintain the premises in a reasonably safe condition according to company and/or industry standards that was owed to the Plaintiff as an invitee during the time | ) | |

made the basis of this lawsuit; )
Fictitious Defendants M, N, and/or O, )
whether singular or plural, are those )
entities, persons, firms, corporations )
or partnerships responsible for the )
negligence and/or wantonness )
complained of herein or who in any )
way contributed to the injuries )
sustained by Frederick D. Parris. )
)
        Defendants. )

## COMPLAINT

Comes now the Plaintiff in the above styled cause and as a basis for the relief herein requested states as follows:

### STATEMENT OF THE PARTIES

1. Frederick D. Parris is over nineteen years of age and resides at 525 Lee Road 379, Apt. D-4, Smiths, Alabama 36875.

2. Defendant Westrock Coated Board, LLC (hereinafter "Westrock") is a Delaware Limited Liability Company registered to do business in the State of Alabama and whose principal office address is 504 Thrasher Street, Norcross, Georgia 30075. Its registered agent for service in Alabama is CSC-LAWYERS Incorporating Service Inc., 150 South Perry Street, Montgomery, Alabama 36104. Defendant Westrock hired, trained, and/or supervised employees of the Westrock Mill in Cottonton, Alabama at all time material to Plaintiff's complaint.

3. Fictitious Defendant's A,B,and/or C, whether singular or plural, are those entities, persons, firms, corporations or partnerships who employed the staff at the Westrock Mill at Cottonton, Alabama during the time made the basis of this lawsuit. The identification of these defendants are unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the documentation relating to the ownership and operation of the facility in question is in the exclusive control of the named Defendants.

4. Fictitious Defendants D,E, and/or F, whether singular or plural, are those entities, persons, firms, corporations, or partnerships who negligently and/or wantonly failed to properly train, supervise and monitor the performance of, evaluate, and/or discipline the staff employed at Westrock Mill in Cottonton, Alabama prior to and during the time made the basis of this lawsuit. The identification of these defendants are unavailable to the Plaintiff, and cannot be determined with reasonable certainly, as the

documentation relating to the ownership and operation of the facility in question is in the exclusive control of the named Defendants.

5. Fictitious Defendants G,H, and/or I, whether singular or plural, are those entities, persons, firms, corporations, or partnerships who owned, operated and/or managed the Westrock Mill in Cotttonton, Alabama during the time made the basis of this lawsuit. The identification of these defendants are unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the documentation relating to the ownership and operation of the facility in question is in the exclusive control of the named Defendants.

6. Fictitious Defendants J,K, and/or L, whether singular or plural, are those entities, persons, firms, corporations or partnerships who negligently and/or wantonly failed to maintain the unloading dock premises at the Westrock Cottonton papermill in a reasonably safe condition and if unable to do so failed to warn its invitees of the dangerous condition that existed during the time made the basis of this lawsuit. The identification of these defendants are unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the names and identifying information of those who worked to provide this service is in the exclusive control of the named defendants.

7. Fictitious Defendants M,N, and/or O, whether singular or plural, are those entities, persons, firms, corporations or partnerships who negligently and/or wantonly breached the safety requirements, regulations, procedures, instructions, and compliance requirements of the Westrock safety regulations and/or industry safety regulations owed to Plaintiff, Frederick D. Parris during the time made the basis of this lawsuit. Identification of these defendants are unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the names and identifying information of those who failed to maintain the premises is in the exclusive control of the named defendants.

8. Fictitious defendants P,Q, and/or R, whether singular or plural, are those entities, persons, firms, corporation or partnerships responsible for the negligence and/or wantonness complained of herein or who in any way contributed to the injuries sustained by Frederick D. Parris. The identification of these defendants are unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as formal discovery regarding the identity of the persons responsible for Frederick D. Parris' injuries is needed to identify said defendants.

## STATEMENT OF FACTS

9. On or about August 6, 2018, Frederick D. Parris was employed by MT Sykes Logging of Valley, Alabama and delivering a load of logs to Westrock papermill located in Cottonton, Alabama.

10. According to the Westrock rules and regulations Plaintiff was required to stop his truck in a designated area for unloading and then exit his truck and move to a safety station while the crane unloaded his cargo.

11. Prior to Mr. Parris' arrival at the unloading station Westrock had been hauling from its wet yard and there was debris and slippery material on the area of the unloading ramp that Mr. Parris was required to traverse to the safety station. Mr. Parris exited his truck and began to walk to the safety sation when he slipped on bark, limbs, and debris located on the concrete and fell backwards on his left side. He tore both quadriceps in his legs and his left rotator cup. He was unable to get up from the loading ramp and was observed by the crane operator who contacted a safety crew. At that time Frederick D. Parris had no feeling in either of his legs. He was placed on a gurney and taken to the Westrock clinic where an ambulance was called to transport him to Jack Hughston Hospital.

12. As a direct and proximate result of the Defendants' and their agents, servants and/or employees negligently and/or wantonly failing to maintain the premises in a reasonably safe condition Frederick D. Parris suffered severe and extensive personal injuries and damages.

## COUNT ONE
## NEGLIGENCE AND WANTONNESS

13. Plaintiff re-alleges and incorporates paragraphs 1 through 12, with all the force and effect as if fully set out herein.

14. Defendant Westrock and fictitious defendants A, B, C, D, E, F, G, H, I, J, K, L, M, N, O and their agents, servants, and/or employees acted negligently, wantonly, and/or recklessly in failing to maintain the area where the Plaintiff's truck was unloaded in a reasonably safe condition absent of debris and slippery substances and if they were unable to do so failed to warn the Plaintiff of the dangerous condition existing on the premises that was not readily apparent.

15. That as a proximate consequence of the aforesaid negligence and/or wantonness, Plaintiff, Frederick D. Parris, was cause to suffer the following injuries and/or damages:

> His body was injured, his quadriceps in both his legs were torn, his left rotator cup was torn causing pain in his upper and lower extremities. He was caused to undergo medical treatment and incur medical expenses for the treatment of his injuries. Plaintiff maybe caused to incur future medical expenses in the care and treatment of the injuries suffered in this accident. Plaintiff will be caused to suffer future pain and suffering as an approximate cause of the trauma that resulted from this accident.

**WHEREFORE**, Plaintiff, Frederick D. Parris, demands judgment against Defendant Westrock, and/or fictitious party Defendants A, B, C, D, E, F, G, H, I J, K, L, M, N, and O both jointly and severally in an amount to be determined by a jury representing both compensatory and punitive damages plus costs.

## COUNT TWO

### NEGLIGENT HIRING AND SUPERVISION

16. Plaintiff, Frederick D. Parris, re-alleges and incorporates paragraphs 1 through 15, with all the force and effect as if fully set out herein.

17. Defendant Westrock and/or fictitious defendants A, B, C, D, E, F, G, H, I, J, K, L, M, N, O negligently and/or wantonly hired, trained, and supervised the employees located at Westrock's Cottonton mill that were to clean, maintain, repair, and assure that the area of the property where the Plaintiff was injured was kept in a reasonably safe condition.

18. As a proximate result of the negligence and/or wantonness of Defendant Westrock and/or fictitious party defendants A, B, C, D, E, F, G, H, I, J, K, L, M, N, O the Plaintiff suffered the following damages and injuries:

> His body was injured, his quadriceps in both his legs were torn, his left rotator cup was torn causing pain in his upper and lower extremities. He was caused to undergo medical treatment and incur medical expenses for the treatment of his injuries. Plaintiff maybe caused to incur future medical expenses in the care and treatment of the injuries suffered in this accident. Plaintiff will be caused to suffer future pain and suffering as an approximate cause of the trauma that resulted from this accident.

**WHEREFORE**, Plaintiff, Frederick D. Parris, demands judgment against Defendant Westrock, and/or fictitious party Defendants A, B, C, D, E, F, G, H, I J, K, L, M, N, and O both jointly and severally in a sum to be determined by a jury representing compensatory and punitive damages plus costs.

Respectfully submitted this 22nd day of July, 2020.

/s/ *William J. Benton, Jr.*
William J. Benton, Jr. (BEN.018)
Attorney for Plaintiff
1214 7th Ave., P.O. Box 2850
Phenix City, AL 36867-2850
(334) 297-6534

Plaintiff demands trial by struck jury.

/s/ *William J. Benton, Jr.*
William J. Benton, Jr.

Defendant Westrock to be served via certified mail as follows:

Westrock Coated Board LLC
504 Thrasher Street
Norcross, Georgia 30075

Westrock Coated Board, LLC
CSC-LAWYERS Incorporating Service Inc.
150 South Perry Street
Montgomery, Alabama 36104.